IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES LEWIS HOPKINS                                                                                    PLAINTIFF
#266215

v.                                          4:23CV00906-KGB-JTK

DEAN, et al.                                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      Introduction**

James Lewis Hopkins ("Plaintiff") is in custody at the Pulaski County Detention Center (the "Detention Center"). He filed pro se complaint pursuant to 42 U.S.C. § 1983 against Pulaski County Sheriff Eric S. Higgins and Officers Dean, Austin, Masudibb, Nelson, and Belt (collectively "Defendants") in their official and personal capacities. (Doc. No. 2 at 1-3). He also filed a Motion to Proceed in forma pauperis, which the Court granted. (Doc. Nos. 4, 5).

The Court screened Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute and found that Plaintiff's allegations failed to state a claim on which relief may be granted. (Doc. No. 6). The Court gave Plaintiff the chance to file an Amended Complaint to cure the defects in his pleading. (Id.). Plaintiff has filed his Amended Complaint. (Doc. No 7). The Court will resume screening his claims.

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Discussion**

   **A.     Plaintiff's Amended Complaint**

According to Plaintiff's Amended Complaint, Plaintiff was a pretrial detainee at the time of the incidents giving rise to this lawsuit.  (Doc. No. 7 at 3).  According to Plaintiff, Defendant Dean arrived at the Detention Center for his shift at around 10:45-11:00 p.m. on May 18, 2023.

(Id.). That same night, other inmates attacked Plaintiff in the K Unit—twice. (Id.). During the first attack the inmates beat Plaintiff with a sock full of dominoes. (Id.). During the second attack, the inmates chased Plaintiff into the bathroom, beat him, and cut his face with a makeshift knife. (Id.). The inmates had access to Plaintiff because a "link door" between the K Unit and the L Unit was open. (Id.).

Around 12:00 p.m. on May 19, 2023, Defendant Dean, who was the officer on shift, went to see Plaintiff along with medical staff. (Doc. No. 7 at 4-5). Plaintiff asked Defendant Dean to call her supervisor because Plaintiff had just been jumped by four inmates, but Defendant Dean declined. (Id. at 5). Plaintiff was scared the inmates would return and attack him again, so he did not got back to sleep. (Id.). Defendant Dean had apparently left the area in the meantime, because Plaintiff explains that Defendant Dean came back to the K Unit around 4:30 a.m. on May 19, 2023, after Defendant Dean had been in the L Unit with Plaintiff's attackers. (Id.). Defendant Dean sat down in a swivel chair, and then all four of Plaintiff's attackers sat down with Defendant Dean. (Id.). Defendant Dean and the attackers talked and stared at Plaintiff until 7:00 a.m. when Defendant Dean's shift ended. (Id.). Plaintiff says the policy about the link door is "no movement by inmates" and that the open door put Plaintiff in danger because one guard cannot protect everyone as there are 90 inmates in each Unit. (Doc. No. 7 at 5, 7).

Another inmate's wife called the Detention Center as a concerned relative, which apparently led to Defendant Austin moving Plaintiff from the K Unit to S Unit "with multiple Covid positive cases" and left him there until around 11:30 a.m. on May 19, 2023. (Id. at 6). Plaintiff claims being placed with Covid-positive inmates put his health at risk. (Id.).

At around 11:30 a.m. on May 19, 2023, Defendants Nelson, Masudibb, and Austin "take a body cam and interview" Plaintiff. (Id.). These Defendants told Plaintiff they were sorry that

(presumably the attack) happened to him.  (Id.).  Plaintiff says he "told them what happened that Officer Dean punished [him] for being attacked and let it happen."  (Id.).  They then took Plaintiff back to his new Unit, S-316.  (Doc. No. 7 at 6).  Medical came and further examined Plaintiff, including taking x-rays of his jaw, ribs, and lower back.  (Id.).  Plaintiff asked for his attackers to be charged.  (Id.).

On July 20, 2023, Defendant Belt brought one of the inmates who attacked Plaintiff into the S Unit.  (Id.).  This inmate called Plaintiff a snitch and child molester.  (Id.).  Plaintiff believes one of the officers told the inmate about Plaintiff's charges and about Plaintiff's desire to press charges against the inmates.  (Id.).

Plaintiff alleges the jail staff deliberately put him at risk by the link door being open with only one officer present, and by putting Plaintiff in a cell with Covid-positive inmates.  (Doc. No. 7 at 7).  He further alleges that they then retaliated against him by putting one of his attackers in the same Unit and telling the attacker that Plaintiff was a sex offender and wanted to press charges.  (Id.).  Plaintiff is now in another unit with a link door and is "scared to death."  (Id.).  He says he cannot sleep well anymore because of nightmares.  (Id.).  Plaintiff seeks damages among other relief.  (Id. at 8).

### B.      Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676

(2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

### 1. Defendant Higgins

Plaintiff named Eric S. Higgins as a Defendant but made no allegations of fact against him. As such, Plaintiff failed to state a claim on which relief may be granted against Defendant Higgins.

### 2. Defendant Dean

The Court interprets Plaintiff's allegations against Defendant Dean as a failure to protect claim. Plaintiff was a pretrial detainee at the time of the events giving rise to this lawsuit. (Doc. No. 7 at 3). "A pretrial detainee's deliberate indifference claim is governed by the Fourteenth Amendment which extends to detainees at least the same protections that convicted prisoners receive under the Eighth Amendment." Perry v. Adams, 993 F.3d 584, 587 (8th Cir. 2021). The Court of Appeals for the Eighth Circuit considered failure to protect in the context of inmate-on-inmate assault in Vandevender v. Sass, 970 F.3d 972, 975-76 (8th Cir. 2020). The Court explained that "[a] prison official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Id. at 975 (internal citation omitted).

A failure to protect claim "has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." (Id.). For a defendant to be found liable, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

To establish deliberate indifference in failing to protect from assault by another inmate, a plaintiff "'must show that he was faced with a pervasive risk of harm and that the prison officials failed to respond reasonably to that risk.'" Id. at 977 (internal citation omitted).

Plaintiff does not allege that Defendant Dean had any reason to think other inmates would attack Plaintiff. It appears from Plaintiff's allegations that the attacks were surprise attacks. "Because prisons are dangerous places, housing the most aggressive among us and placing violent people in close quarters, . . . prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another." Vandevender v. Sass, 970 F.3d 972, 976 (8th Cir. 2020). Further, Plaintiff does not allege that Defendant Dean knew the link door was a risk. For example, there is no indication that the door being open had ever resulted in an assault before. As such, Plaintiff's allegations that Defendant Dean failed to prevent an attack do not state a claim on which relief may be granted.

To the extent Plaintiff's claims can be considered a conditions of confinement claim, Plaintiff does not plead any personal involvement by Defendant Dean. It is not clear if Defendant Dean played any role in the door being open.

Plaintiff also alleges that Defendant Dean sat with Plaintiff's attackers in the K Unit on May 19, 2023 from 4:30 a.m. until 7:00 a.m. (Doc. No. 7 at 5). These alleges are disturbing. But Plaintiff did not allege that Defendant Dean or the attackers in any way—physically or verbally—threatened him. The allegations as pled do not rise to the level of a constitutional violation.

### 3. Defendants Nelson, Austin, and Masudibb

According to Plaintiff, during the 7:00 a.m. to 3:00 p.m. shift on May 19, 2023 Defendant Austin moved Plaintiff from the K Unit to the S Unit intake where there were "multiple Covid

positive cases."  (Doc. No. 7 at 6).   Plaintiff remained there until approximately 11:30 on May 19, 2023, when Defendant Austin took him to an office where Defendants Nelson and Masudibb were waiting.  (Id.).   They interviewed him; they recorded the interview with a body cam and said they were sorry "this" (presumably the attack) happened to Plaintiff.  (Id.).   They then took Plaintiff to his new unit, S Unit 316, where medical came to examine Plaintiff.   (Id.).

As the Court understands Plaintiff's pleading, he remained in S Unit intake for only a short time—he was then interviewed about the attack and taken to his new Unit.   Plaintiff did not allege any harm from his short stay with inmates who were Covid positive.   Because Plaintiff was no longer in S Unit intake after the interview, and because Plaintiff did not plead he was harmed, these allegations fail to state a claim on which relief may be granted.

    **4.**    **Defendant Belt**

On July 20, 2023, Defendant Belt brought one of the inmates who attacked Plaintiff into the S Unit.  (Doc. No. 7 at 6).   This inmate called Plaintiff a snitch and child molester.  (Id.).   Plaintiff believes one of the officers told the inmate about Plaintiff's charges and that Plaintiff wanted to press charges against the inmates.  (Id.).   Plaintiff's allegation that Defendant belt brought one of Plaintiff's attackers into the S Unit, without more, does not rise to the level of a violation.   And Plaintiff does not specify which Defendant he believes told other inmates that Plaintiff was a snitch and child molester.   As such, there is no basis for a claim against any Defendant based on this allegation.

Because Plaintiff has not stated a personal capacity claim on which relief may be granted, his official capacity claims likewise fail.   Jackson v. Buckman, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) ("Absent an underlying constitutional violation, . . . official-capacity . . . claims . . . necessarily fail.")

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 19th day of December, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."